UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY STASIAK (BOONIN), Personal
Representative of the Estate of Michael B.
Johnston,

      Plaintiff/Counter-Defendant,

v.

INDIANA INSURANCE COMPANY, *et. al.*,

      Defendants,

and

CONSOLIDATED INSURANCE COMPANY,

      Counter-Plaintiff.
_____/

Case No. 13-10797

Honorable John Corbett O'Meara

## ORDER DENYING PLAINTIFF'S APRIL 11, 2013 AMENDED MOTION TO REMAND

This matter came before the court on plaintiff Mary Stasiak's April 11, 2013 amended motion to remand. Defendants filed a response April 24, 2013. No reply was filed, and no oral argument was heard.

Defendant Consolidated Insurance Company issued a commercial vehicle policy to Brewers, Inc.; Sakstrup Towing, Inc.; and Brewer Leasing, L.L.C. While operating a tow truck on March 9, 2008, Michael Johnston was struck and killed by another vehicle. As a result of that accident, plaintiff Stasiak, the personal representative of his estate, seeks to recover uninsured motorist benefits under the Consolidated policy.

The suit was filed in the Circuit Court for the County of Washtenaw on February 6, 2013; and Defendants removed the action to this court February 27, 2013, based on diversity of citizenship. Plaintiff filed this motion to remand, asserting that the amount in controversy is less than $75,000 and that the parties are not diverse.

Plaintiff claims that the amount in controversy is less than the jurisdictional amount because the only issue in this suit is whether Defendants breached an alleged agreement to arbitrate. However, the amount of the underlying liability is in excess of $400,000. Also, the counterclaim, which easily meets the requirement, is to be considered when determining whether the amount in controversy requirement has been met. Great Lakes Spice Co. GB Seasonings, Inc., 2005 WL 1028177 (April 26, 2005 E.D. Mich.). Therefore, the court find that the jurisdictional amount has been met.

Plaintiff also claims that the parties to this action are not diverse under 28 U.S.C. § 1332(c)(1). This "direct action" provision was added to the statue "specifically to eliminate from diversity jurisdiction tort claims in which both the injured party and the tortfeasor are local residents, but which, under state 'direct action' statutes, are brought against the tortfeasor's foreign insurance carrier without joining the tortfeasor as a defendant." Henderson v. Selective Ins. Co., 369 F.2d 143 (6th Cir. 1966). Plaintiff asserts that Defendants, all of whom are insurance companies, are to be considered residents of the same state as the named insured. However, an action by a purported insured against an insurer, as exists in this action, is not a "direct action" within the scope of § 1332(c)(1). Therefore, the provision does not apply.

**ORDER**

It is hereby **ORDERED** that Plaintiff's April 11, 2013 amended motion to remand is **DENIED.**

                                             s/John Corbett O'Meara
                                             United States District Judge

Date: June 19, 2013

      I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, June 19, 2013, using the ECF system.

                                               s/William Barkholz
                                               Case Manager