UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF MICHAEL B. JOHNSTON by
MARY STASIAK (BOONIN), Personal
Representative,

        Plaintiff,

v.

INDIANA INSURANCE COMPANY,
CONSOLIDATED INSURANCE COMPANY,
MID-AMERICAN FIRE & CASUALTY
COMPANY, THE MIDWESTERN INDEMNITY
COMPANY, and LIBERTY MUTUAL GROUP,
INC.,

        Defendants.
                                            /

Case No. 13-10797

Honorable John Corbett O'Meara

## OPINION AND ORDER GRANTING
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND
## DENYING PLAINTIFF'S MOTION TO COMPEL ARBITRATION

This matter came before the court on Defendants' November 20, 2013 motion for summary judgment and Plaintiff's November 21, 2013 motion to compel arbitration. Defendants filed a response January 16, 2014, and a reply brief January 23, 2014. Plaintiff filed a response January 16, 2014. Oral argument was heard February 6, 2014.

## BACKGROUND FACTS

Defendant Consolidated Insurance Company issued a commercial vehicle policy to Brewers, Inc., Sakstrup Towing, Inc., and Brewer Leasing, L.L.C. While operating a tow truck on March 9, 2008, Michael Johnston was struck and killed by another motorist. As a result of that accident, plaintiff Mary Stasiak, the personal representative of Johnston's estate, seeks to recover uninsured motorist benefits under the Consolidated policy.

The policy at issue was an "underinsurance" policy covering Brewers' tow truck drivers who are killed or injured during the course of their employment if the tortfeasors' insurance policies paid less than $1,000,000. In this case, the insurance covering the drunk driver who killed Johnston paid less than $1,000,000; therefore, his estate is seeking the additional amount.

Plaintiff presented Consolidated with a written demand for the policy and asserts that the insurer initially refused to arbitrate the claim. However, after months of negotiations, the parties reached an agreement to arbitrate on March 2, 2011. The terms of the agreement were specific: each side was to name its selection of an arbitrator to serve on the tripartite panel by April 18, 2011; those two arbitrators would select a third arbitrator by April 18, 2011 [*sic*]; there would be limited discovery; the statute of limitations would be tolled; and any award would be capped at $500,000.

All of those conditions were met. The arbitrators were selected, all of the discovery took place without objections, and an arbitration hearing date (May 4, 2012) was agreed upon. However, just days before the hearing (April 25, 2012), Defendants unilaterally canceled the process and refused to appear for the hearing. Plaintiff filed this suit to enforce the parties' arbitration agreement.

## LAW AND ANALYSIS

Plaintiff claims that the agreement to arbitrate is not revokable. The agreement was in writing, and all of its conditions were met. However, six weeks before Defendants canceled the arbitration hearing, the Michigan Court of Appeals issued an opinion directly on point. In <u>Westfield Ins. Co. v. Ken's Service</u>, 295 Mich. App. 610 (2012), the court held that a tow truck driver was not "occupying" the insured vehicle while he was leaning on the truck for balance and support at the time he was injured. The identical definition of "occupying" was included in the policy at issue

2

here. "Occupying" means "in, upon, getting in, on, out or off." In this case decedent Johnston was outside the tow truck and operating the truck's winch at the time he was struck and killed.

Defendants argue that they canceled the arbitration because the issue of coverage regarding an insurance policy cannot be arbitrated. Plaintiff seeks recovery under the Michigan Uninsured Motorists Coverage Endorsement of the Consolidated policy. The Endorsement states that Consolidated "will pay all sums the 'insured' is legally entitled to recover as compensatory damages from the owner or driver of an 'uninsured motor vehicle.'" The Endorsement further defines the term "occupying" as stated above. The Michigan Supreme Court has held that no coverage exists for persons injured while outside a vehicle attending to a trailer or changing a flat tire. See Rohlman v. Hawkeye-Sec. Ins. Co., 442 Mich. 520 (1993); Rednour v. Hastings Mut. Ins. Co., 468 Mich. 241 (2003).

The Michigan Uninsured Motorists Endorsement also states, "disputes concerning coverage under this endorsement may not be arbitrated." Therefore, despite the parties' agreement to arbitrate the amount of damages in this case, the parties could not have agreed to arbitrate whether coverage existed. Therefore, Defendants' cancellation of the arbitration hearing was valid based on the intervening case law established in Westfield.

Plaintiff has also stated claims for fraud and promissory estoppel. However, there is no evidence that Defendants fraudulently entered into the arbitration agreement. The claim for promissory estoppel must also fail. The elements are as follows: 1) a promise, 2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of promisee, 3) which in fact produced reliance or forbearance of that nature, and 4) in circumstances such that the promise must be enforced if injustice is to be avoided. Ardt v. Titan Ins.

3

Co., 233 Mich. App. 685 (1999). In this case the agreement need not be enforced to avoid an injustice. Even if the court were to compel arbitration, the result would be the same–that the policy does not provide coverage under the circumstances.

Finally, the other insurance companies listed as defendants are entitled to summary judgment as well. Their names appear on some of the paperwork in the insurance policy at issue; however, there is no dispute that Consolidated is the only defendant.

## ORDER

It is hereby **ORDERED** that Defendants' November 20, 2013 motion for summary judgment is **GRANTED.**

It is further **ORDERED** that Plaintiff's motion to compel arbitration is **DENIED.**

s/John Corbett O'Meara<br>
United States District Judge

Date: February 11, 2014


I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, February 11, 2014, using the ECF system.

s/William Barkholz<br>
Case Manager